UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUAN JOHNSON,

    Petitioner,      Case Number: 11-CV-10139

v.             HON. MARK A. GOLDSMITH

STEVEN RIVARD,

    Respondent.
_____/

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, AND DENYING CERTIFICATE OF APPEALABILITY**

Petitioner Juan Johnson filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, who is currently incarcerated at the St. Louis Correctional Facility in St. Louis, Michigan, challenges his convictions for armed robbery and first-degree home invasion. Respondent has moved for summary judgment on the ground that the petition was not timely filed. The Court will grant the motion and dismiss the petition as time-barred.

**I. BACKGROUND & PROCEDURAL HISTORY**

Following a jury trial in Oakland County Circuit Court, Petitioner was convicted of armed robbery and first-degree home invasion. He was sentenced to concurrent terms of 16 to 50 years in prison for each of the convictions.

Petitioner filed a direct appeal in the Michigan Court of Appeals. The Michigan Court of Appeals affirmed his convictions. *People v. Johnson*, No. 264595 (Mich. Ct. App. Nov. 16, 2006). Petitioner filed an application for leave to appeal in the Michigan Supreme Court, which denied leave to appeal. *People v. Johnson*, 477 Mich. 1113 (Mich. Apr. 24, 2007).

On March 24, 2008, Petitioner filed a motion for relief from judgment in the trial court. The trial court denied the motion. *People v. Johnson*, No. 2004-199506-FC (Oakland County Cir. Ct. July 24, 2008). Petitioner filed a delayed application for leave to appeal the trial court's denial of his motion in the Michigan Court of Appeals. The Michigan Court of Appeals denied leave to appeal. *People v. Johnson*, No. 291121 (Mich. Ct. App. May 8, 2009). Petitioner's subsequent application for leave to appeal to the Michigan Supreme Court was also denied. *People v. Johnson*, 485 Mich. 1074 (Mich. Jan. 29, 2010).

Petitioner attempted to file a second motion for relief from judgment in the trial court. The trial court declined to file the motion because, pursuant to Michigan Court Rule 6.502(G)(1) & (2), Petitioner was limited to filing one motion for relief from judgment. Petitioner did not seek leave to appeal the denial of that motion.

Petitioner filed his habeas corpus petition on December 22, 2010.

## II. ANALYSIS

Respondent argues that the petition should be dismissed because it was not timely filed. A prisoner must file a federal habeas corpus petition within one year of the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The one-year limitations period does not begin to run until the time for filing a petition for a writ of certiorari to the United States Supreme Court has expired. *Isham v. Randle*, 226 F.3d 69, 694-95 (6th Cir. 2000). The time during which a prisoner seeks state-court collateral review of a conviction does not count toward the limitations period. 28 U.S.C. § 2244(d)(2). A properly filed application for state post-conviction relief, while tolling the statute of limitations, does not serve to restart the limitations period. *Vroman v. Brigano*, 346 F.3d

2

598, 602 (6th Cir. 2003).

In the present case, Petitioner appealed his conviction first to the Michigan Court of Appeals, and then to the Michigan Supreme Court. The Michigan Supreme Court denied his application for leave to appeal on April 24, 2007. Petitioner had ninety days from that date to file a petition for writ of certiorari with the United States Supreme Court, which he did not do. Thus, his conviction became final on July 23, 2007, when the time period for seeking certiorari expired. *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000) (one-year statute of limitations does not begin to run until the time for filing a petition for a writ of certiorari for direct review in the United States Supreme Court has expired). The last day on which a petitioner can file a petition for a writ of certiorari in the United States Supreme Court is not counted toward the one-year limitations period applicable to habeas corpus petitions. *Id.* at 285. Accordingly, the limitations period commenced on July 24, 2007. Petitioner filed a motion for relief from judgment on March 24, 2008. That motion, a properly filed application for collateral review, tolled the limitations period with four months remaining. The limitations period resumed running on January 30, 2010, the day after the Michigan Supreme Court denied Petitioner's motion for reconsideration of its order denying leave to appeal. The limitations period continued to run, uninterrupted, until it expired four months later. Petitioner filed the present petition on December 22, 2010, nearly seven months after the limitations period expired.

Petitioner's second motion for relief from judgment does not toll the limitations period. That motion was not properly filed for purposes of 28 U.S.C. § 2244(d)(2), because the state court deemed it a successive, impermissible motion for relief from judgment. Under Michigan Court Rule 6.502(G), unless there has been a retroactive change in the law or newly discovered evidence that

3

was not discoverable before the filing of the first motion, "one and only one motion for relief from judgment may be filed with regard to a conviction." Mich. Ct. R. 6.502(G). If a state application is not properly filed, it does not toll the limitations period. *Artuz v. Bennett*, 531 U.S. 4, 9 (2000). The Michigan trial court held that Petitioner's motion for relief from judgment did not satisfy the standard for the newly discovered evidence exception to the ban on successive motions or rely upon a retroactive change in the law. Under state law, the motion was not properly filed and, therefore, did not toll the limitations period. *See Smith v. Ludwick,* No. 08-12567, 2010 WL 1139332, *at 2 (E.D. Mich. Mar. 24, 2010); *Rodriguez v. McQuidgen,* No. 08-13263, 2009 WL 2742004, at *3 (E.D. Mich. Aug. 25, 2009).

Petitioner fails to raise equitable tolling or allege any facts or circumstances that would warrant its application in this case. Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations and the petition is untimely.

### III.  CERTIFICATE OF APPEALABILITY

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings, which was amended as of December 1, 2009, requires that a district court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11, Rules Governing Section 2255 Proceedings.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such

a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997). To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotes and citations omitted).

In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition is untimely. Therefore, the Court denies a certificate of appealability.

### IV.  CONCLUSION

The Court finds that Petitioner failed to file his habeas petition within the applicable one-year limitations period. Accordingly, Respondent's motion for summary judgment (Dkt. 8) is granted and the petition for a writ of habeas corpus (Dkt. 1) is dismissed as time-barred. A certificate of appealability is denied.

SO ORDERED.

Dated: November 10, 2011                          s/Mark A. Goldsmith
Flint, Michigan                                                MARK A. GOLDSMITH
                                                                       United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 10, 2011.

                                                                       s/Deborah J. Goltz
                                                                       DEBORAH J. GOLTZ
                                                                       Case Manager